UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

UNITED STATES OF AMERICA,

v.

GILBERT SOLNIN,

Defendant.

-----------------------------------X

12-CR-00040 (ADS)

100 Federal Plaza
Central Islip, New York

June 16, 2011

TRANSCRIPT OF CRIMINAL CAUSE FOR WAIVER OF SPEEDY INDICTMENT
BEFORE THE HONORABLE ARLENE R. LINDSAY
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government: CHRISTOPHER OTT, ESQ.
United States Attorneys Office
610 Federal Plaza
Central Islip, New York 11722

For the Defendant: JOSEPH R. CONWAY, ESQ.
LaRusso & Conway
300 Old Country Road
Suite 341
Mineola, New York 11501

Court Transcriber: SHARI RIEMER
TypeWrite Word Processing Service
211 N Milton Road
Saratoga Springs, New York 12866

Proceedings recorded by electronic sound recording, transcript produced by transcription service

(Proceedings began at 11:47 a.m.)

THE CLERK: Calling 11-MJ-151, United States of America v. Gilbert Solnin.

Please state your appearances.

MR. OTT: Good morning, Your Honor. Christopher Ott standing in for Allen Bode, Your Honor.

MR. CONWAY: Good morning, Your Honor. Joseph Conway for Mr. Solnin.

THE COURT: Mr. Conway, I'm under the impression that your client wishes to again waive speedy indictment. Is that correct?

MR. CONWAY: That is correct, Your Honor.

THE COURT: This is the third time?

MR. CONWAY: That is correct.

THE COURT: What's going on?

MR. CONWAY: We've been having some meetings with the Government. We actually met again this morning. I think we are making progress. I think one more 30 day adjournment will hopefully lead to resolution.

THE COURT: All right. Mr. Solnin, you've agreed to waive speedy indictment again for another 30 days it appears but I want to make sure that you understand this and that this is a voluntary waiver.

You have rights under the Speedy Trial Act and one of your rights under the Speedy Trial Act is to a speedy

indictment, that is to -- if the Government is going to prosecute you then the statute requires that they present their case expeditiously and the longest amount of time they can take to present their case to a grand jury or to obtain an indictment is usually 30 days. But when you waive speedy indictment you effectively give the Government more time than the law would actually allow.

Now, I understand that the reason you've agreed to do this now for the third time is because your attorney is having discussions with the Government. Is that correct?

THE DEFENDANT: That's correct.

THE COURT: All right. You understand what your rights are?

THE DEFENDANT: Yes, I do.

THE COURT: Notwithstanding what your rights are you're willing to waive speedy indictment?

THE DEFENDANT: Yes.

THE COURT: So let me ask you this. Has anyone threatened you in any way to get you to sign this last waiver?

THE DEFENDANT: No.

THE COURT: Has anyone promised you anything? Because I know there's discussions but have you been made any promises that would get you to sign this?

THE DEFENDANT: No promises.

THE COURT: Mr. Conway, you're satisfied this is in

your client's best interest?

MR. CONWAY: Yes, I am, Your Honor.

THE COURT: Okay. Then I'll so order it as knowingly and voluntarily entered into and continues to be in the public interest to do.

MR. CONWAY: Thank you, Your Honor.

THE COURT: Anything else?

MR. OTT: No, Your Honor. Thank you.

MR. CONWAY: No, Your Honor.

THE COURT: By the way, did you hand up the speedy waiver, the speedy indictment waiver?

MR. OTT: It's right there, Your Honor.

THE COURT: Okay. Folks, thank you very much.

(Proceedings concluded by 11:50 a.m.)

* * * * *

I certify that the foregoing is a court transcript from an electronic sound recording of the proceedings in the above-entitled matter.

Shari Riemer

Dated: April 8, 2014