DMJ:ALB
F.#2010R02118

FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y
★ JAN 12 2012 ★
LONG ISLAND OFFICE

CR 12 040

SPATT, J.

WALL, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

GILBERT SOLNIN, also known as
   "Gil Solnin,"

       Defendant.

I N D I C T M E N T

Cr. No._____
(T. 18, U.S.C., §§
981(a)(1)(C), 1341,
1343 and 3551 et seq.;
T. 21, U.S.C., §
853(p); T. 28, U.S.C.,
§ 2461(c))

- - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1. The defendant GILBERT SOLNIN, also known as "Gil Solnin," who resided in Plainview, New York, and worked from his residence, held himself out to be an agent authorized to represent various companies that sought advertising and marketing assistance for their businesses.

2. John Doe Agency #1 through John Doe Agency #14, whose identities are known to the Grand Jury, were advertising and marketing agencies located throughout the United States that provided marketing and advertising services to businesses (collectively the "John Doe Agencies").

2

## THE FRAUDULENT SCHEME

3. On or about and between December 1, 2007 and February 28, 2011, the defendant GILBERT SOLNIN, also known as "Gil Solnin," devised and executed a scheme and artifice to defraud the John Doe Agencies by soliciting and obtaining advance fees from them. It was a part of the scheme that the defendant SOLNIN used an email account known as "gilsolnin@hotmail.com" (the "email account") to communicate with the John Doe Agencies.

4. It was a further part of the scheme that the defendant GILBERT SOLNIN, also known as "Gil Solnin," made materially false and fraudulent representations and promises to the John Doe Agencies about his relationship and status with various beverage producing companies. For example, the defendant SOLNIN falsely stated in email communications with representatives of the John Doe Agencies that: (a) he had current agreements and contracts with beverage companies that authorized SOLNIN to represent them; (b) he was searching for advertising and marketing agencies to provide services to beverage companies that he represented; and (c) the advertising agencies that he selected would receive exclusive rights to provide advertising and marketing services to beverage companies.

5. It was a further part of the scheme that the defendant GILBERT SOLNIN, also known as "Gil Solnin," directed representatives of the John Doe Agencies to send money

3

representing advance fees in amounts ranging from $3,500 to $8,000 to SOLNIN via United States mail and private commercial carriers as payment for the right to become exclusive advertising and marketing service providers for SOLNIN's purported beverage company clients.

6. In truth and in fact, as the defendant GILBERT SOLNIN, also known as "Gil Solnin," then and there well knew and believed, he did not have agreements and contracts to represent any beverage companies and the John Doe Agencies would not receive exclusive rights to provide services for any beverage companies. In reality, after the defendant SOLNIN received advance fee money from the John Doe Agencies, SOLNIN discontinued communications with them and the John Doe Agencies did not receive any rights to provide services to any of SOLNIN's purported beverage companies.

<u>COUNTS ONE THROUGH EIGHT</u>
(Mail Fraud)

7. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant GILBERT SOLNIN, also known as "Gil Solnin," did knowingly and intentionally devise a scheme and artifice to defraud the John Doe Agencies identified below, and to obtain money and property

4

from them, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did place and cause to be placed in a post office and authorized depository for mail matter, one or more matters and things to be sent and delivered by the United States Postal Service and any private and commercial interstate carrier according to the direction thereon, as set forth below:

| COUNT | APPROXIMATE DATE OF MAILING | DESCRIPTION OF MAILING |
|---|---|---|
| ONE | May 19, 2008 | Check in the amount of $8,000 payable to "Gil Solnin" sent from John Doe Agency #1 to Plainview, NY |
| TWO | September 25, 2008 | Check in the amount of $6,917.50 payable to "Gil Solnin" sent from John Doe Agency #2 to Plainview, NY |
| THREE | November 24, 2008 | Check in the amount of $8,000 payable to "Gil Solnin" sent from John Doe Agency #3 to Plainview, NY |
| FOUR | December 12, 2008 | Check in the amount of $8,000 payable to "Gil Solnin" sent from John Doe Agency #4 to Plainview, NY |
| FIVE | March 5, 2009 | Check in the amount of $8,000 payable to "Gil Solnin" sent from John Doe Agency #5 to Plainview, NY |
| SIX | ~~March~~ May 7, 2009 | Check in the amount of $5,000 payable to "Gil Solnin" sent from John Doe Agency #6 to Plainview, NY |

Case 2:12-cr-00040-ADS   Document 73-9   Filed 05/05/14   Page 5 of 8 PageID #: 246
Case 2:12-cr-00040-ADS   Document 16   Filed 01/12/12   Page 5 of 8 PageID #: 31

5

| COUNT | APPROXIMATE DATE OF MAILING | DESCRIPTION OF MAILING |
|---|---|---|
| SEVEN | June 3, 2009 | Check in the amount of $5,000 payable to "Gil Solnin" sent from John Doe Agency #7 to Plainview, NY |
| EIGHT | March 12, 2010 | Check in the amount of $5,000 payable to "Gil Solnin" sent from John Doe Agency #8 to Plainview, NY |

(Title 18, United States Code, Sections 1341 and 3551 et seq.)

### COUNTS NINE THROUGH FOURTEEN
(Wire Fraud)

9. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

10. On or about and between December 1, 2007 and February 28, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GILBERT SOLNIN, also known as "Gil Solnin," did knowingly and intentionally devise a scheme and artifice to defraud the John Doe Agencies identified below, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals and sounds, to wit: email messages sent from the email account as set forth below:

Case 2:12-cr-00040-ADS   Document 73-9   Filed 05/05/14   Page 6 of 8 PageID #: 247
Case 2:12-cr-00040-ADS   Document 16   Filed 01/12/12   Page 6 of 8 PageID #: 32

6

| COUNT | APPROXIMATE DATE OF EMAIL | EMAIL RECIPIENT |
|---|---|---|
| NINE | June 26, 2009 | John Doe Agency #9, Los Angeles, CA |
| TEN | September 15, 2009 | John Doe Agency #10, Cincinnati, OH |
| ELEVEN | September 28, 2009 | John Doe Agency #11, Chicago, IL |
| TWELVE | February 1, 2010 | John Doe Agency #12, New Orleans, LA |
| THIRTEEN | May 22, 2010 | John Doe Agency #13, Minneapolis, MN |
| FOURTEEN | June 30, 2010 | John Doe Agency #14, Salt Lake City, UT |

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO ALL COUNTS

11. The United States hereby gives notice to the defendant that, upon his conviction of any of the above-charged offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

7

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK
CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

GILBERT SOLNIN,

Defendant(s).

## INDICTMENT

T. 18, U.S.C., §§ 981 (a) (1) (C), 1341, 1343 and 3551, et seq.;
T. 21, U.S.C., § 853 (p); T. 28, U.S.C., § 2461 (c)

A true bill.

_____ Foreman

Filed in open court this _____

of _____ A.D. 20___.

_____ Clerk

Bail, $ _____

ALLEN L. BODE ASSISTANT U.S. ATTORNEY
U.S. ATTORNEY'S OFFICE - EDNY
610 FEDERAL PLAZA
CENTRAL ISLIP, NEW YORK 11722
(631) 715-7828