DMJ:ALB
F.#2010R02118

NOV 19 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

GILBERT SOLNIN, also known as
   "Gil Solnin" and "Gil Solomon,"

              Defendant.

- - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 12 CR 040(S-1)(ADS)
(T. 18, U.S.C., §§
981(a)(1)(C), 1341,
1343 and 3551 et seq.;
T. 21, U.S.C., § 853(p);
T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.    The defendant GILBERT SOLNIN, also known as "Gil Solnin" and "Gil Solomon," who resided in Plainview, New York, and worked from his residence, held himself out to be an agent authorized to represent various companies that sought advertising, marketing and other services for their businesses.

2.    Beverage Ventures Group, LLC ("BVG") was a limited liability corporation formed under the laws of the State of New York and located at 16 Lillian Lane, Plainview, New York. The defendant GILBERT SOLNIN, also known as "Gil Solnin" and "Gil Solomon," was

the sole signatory on a bank account maintained for BVG at JPMorgan Chase Bank.

3. John Doe Agency #1 through John Doe Agency #14, whose identities are known to the Grand Jury, were advertising and marketing agencies located throughout the United States that provided marketing and advertising services to businesses (collectively the "John Doe Agencies").

4. John Doe Distillery #1 through John Doe Distillery #5, whose identities are known to the Grand Jury, were distilleries located throughout the United States that produced distilled spirits for sale through retail markets (collectively the "John Doe Distilleries").

## THE FRAUDULENT SCHEMES

5. On or about and between December 1, 2007 and January 27, 2012, the defendant GILBERT SOLNIN, also known as "Gil Solnin" and "Gil Solomon," devised and executed schemes and artifices to defraud the John Doe Agencies and John Doe Distilleries by soliciting and obtaining advance fees from them.  It was part of the schemes that defendant SOLNIN made materially false and fraudulent representations and promises to induce the John Doe Agencies and John Doe Distilleries to remit payments to him.  It was also part of the schemes that the defendant SOLNIN used the email accounts gilsolnin@hotmail.com and gilsolomon@live.com (the "email

accounts") to communicate with the John Doe Agencies and John Doe Distilleries.

## THE ADVERTISING AGENCY SCHEME

6. On or about and between December 1, 2007 and February 28, 2011, both dates being approximate and inclusive, the defendant GILBERT SOLNIN, also known as "Gil Solnin" and "Gil Solomon," made materially false and fraudulent representations and promises to the John Doe Agencies about his relationship and status with various beverage producing companies. For example, SOLNIN falsely stated in email communications with representatives of the John Doe Agencies that: (a) he had current agreements and contracts with beverage companies that authorized SOLNIN to represent them; (b) he was searching for advertising and marketing agencies to provide services to beverage companies that he represented; and (c) the advertising agencies that he selected would receive exclusive rights to provide advertising and marketing services to beverage companies.

7. It was a further part of the scheme that the defendant GILBERT SOLNIN, also known as "Gil Solnin" and "Gil Solomon," directed representatives of the John Doe Agencies to send money representing advance fees in amounts ranging from $3,500 to $8,000 to SOLNIN via United States mail and private commercial carriers as payment for the right to become exclusive advertising and marketing service providers for SOLNIN's purported beverage company clients.

4

8. In truth and in fact, as the defendant GILBERT SOLNIN, also known as "Gil Solnin" and "Gil Solomon," then and there well knew and believed, he did not have current agreements and contracts to represent any beverage companies, and the John Doe Agencies would not receive exclusive rights to provide services for any beverage companies. In reality, after SOLNIN received advance fee money from the John Doe Agencies, SOLNIN discontinued substantive communications with them, and the John Doe Agencies did not receive any rights to provide services to any of SOLNIN's purported beverage companies.

THE DISTILLERY SCHEME

9. On or about and between February 1, 2011 and January 27, 2012, both dates being approximate and inclusive, the defendant GILBERT SOLNIN, also known as "Gil Solnin" and "Gil Solomon," made materially false and fraudulent representations and promises to the John Doe Distilleries about his ability to secure placement of the John Doe Distilleries' products through distributors located in New York.

10. It was a further part of the scheme that the defendant GILBERT SOLNIN, also known as "Gil Solnin" and "Gil Solomon," directed representatives of the John Doe Distilleries to send money representing advance commission fees in amounts ranging from $1,000 to $4,000 to BVG via United States mail, private commercial carriers

5

and electronic wire transfers as advances against future commissions to be earned from product placement. It was also a part of the scheme that SOLNIN provided to the John Doe Distilleries agreements in which he promised to refund the advance commission fees if the distilleries' products were not placed with a distributor within a certain time period.

11. In truth and in fact, as the defendant GILBERT SOLNIN, also known as "Gil Solnin" and "Gil Solomon," then and there well knew and believed, he did not intend to place the John Doe Distilleries' products with distributors and did not intend to return their advance commission fees to them. Rather, after SOLNIN received the advance commission fees from the John Doe Distilleries, he discontinued substantive communications with the John Doe Distilleries, did not place any of their products with distributors and did not refund the advance commission fees to them as promised.

COUNTS ONE THROUGH NINE
(Mail Fraud)

12. The allegations contained in paragraphs one through eleven are realleged and incorporated as if fully set forth in this paragraph.

13. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant GILBERT SOLNIN, also known as "Gil Solnin," also known as Gil Solomon," did

knowingly and intentionally devise a scheme and artifice to defraud the John Doe Agencies and John Doe Distilleries identified below, and to obtain money and property from them, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did place and cause to be placed in a post office and authorized depository for mail matter, one or more matters and things to be sent and delivered by the United States Postal Service and any private and commercial interstate carrier according to the direction thereon, as set forth below:

| COUNT | APPROXIMATE DATE OF MAILING | DESCRIPTION OF MAILING |
|-------|------------------------------|------------------------|
| ONE | May 19, 2008 | Check in the amount of $8,000 payable to "Gil Solnin" sent from John Doe Agency #1 to Plainview, NY |
| TWO | September 25, 2008 | Check in the amount of $6,917.50 payable to "Gil Solnin" sent from John Doe Agency #2 to Plainview, NY |
| THREE | November 24, 2008 | Check in the amount of $8,000 payable to "Gil Solnin" sent from John Doe Agency #3 to Plainview, NY |
| FOUR | December 12, 2008 | Check in the amount of $8,000 payable to "Gil Solnin" sent from John Doe Agency #4 to Plainview, NY |
| FIVE | March 5, 2009 | Check in the amount of $8,000 payable to "Gil Solnin" sent from John Doe Agency #5 to Plainview, NY |

| SIX | May 7, 2009 | Check in the amount of $5,000 payable to "Gil Solnin" sent from John Doe Agency #6 to Plainview, NY |
| SEVEN | June 3, 2009 | Check in the amount of $5,000 payable to "Gil Solnin" sent from John Doe Agency #7 to Plainview, NY |
| EIGHT | March 12, 2010 | Check in the amount of $5,000 payable to "Gil Solnin" sent from John Doe Agency #8 to Plainview, NY |
| NINE | June 23, 2011 | Check in the amount of $4,000 payable to BVG sent from John Doe Distillery #1 to Plainview, NY |

(Title 18, United States Code, Sections 1341 and 3551 et seq.)

## COUNTS TEN THROUGH NINETEEN
(Wire Fraud)

14. The allegations contained in paragraphs one through eleven are realleged and incorporated as if fully set forth in this paragraph.

15. On or about the dates set forth below, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant GILBERT SOLNIN, also known as "Gil Solnin" and "Gil Solomon," did knowingly and intentionally devise a scheme and artifice to defraud the John Doe Agencies and John Doe Distilleries identified below, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such

8

scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals and sounds, to wit: email messages sent from the email accounts and bank wire transfers as set forth below:

| COUNT | APPROXIMATE DATE OF EMAIL OR WIRE TRANSFER | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| TEN | June 26, 2009 | Email to John Doe Agency #9, Los Angeles, CA |
| ELEVEN | September 15, 2009 | Email to John Doe Agency #10, Cincinnati, OH |
| TWELVE | September 28, 2009 | Email to John Doe Agency #11, Chicago, IL |
| THIRTEEN | January 22, 2010 | Email to John Doe Agency #12, New Orleans, LA |
| FOURTEEN | May 24, 2010 | Email to John Doe Agency #13, Minneapolis, MN |
| FIFTEEN | June 30, 2010 | Email to John Doe Agency #14, Salt Lake City, UT |
| SIXTEEN | July 8, 2011 | $4,000 wire transfer from John Doe Distillery #2 to the BVG account at JPMorgan Chase Bank, Plainview, NY |
| SEVENTEEN | July 11, 2011 | $3,500 wire transfer from John Doe Distillery #3 to the BVG account at JPMorgan Chase Bank, Plainview, NY |
| EIGHTEEN | August 17, 2011 | $3,500 wire transfer from John Doe Distillery #4 to the BVG account at JPMorgan Chase Bank, Plainview, NY |

9

| NINETEEN | September 30, 2011 | $4,000 wire transfer from John Doe Distillery #5 to the BVG account at JPMorgan Chase Bank, Plainview, NY |

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

<u>CRIMINAL FORFEITURE ALLEGATION AS TO ALL COUNTS</u>

16.  The United States hereby gives notice to the defendant that, upon his conviction of any of the above-charged offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

17.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

10

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK